# THE LAW OFFICES OF STEVEN E. LYNCH

125 MAIDEN LANE, SUITE 5C
NEW YORK, NEW YORK 10038
TELEPHONE: (212) 498-9494
FAX: (212) 498-9320
STEVEN@STEVENELYNCH.COM

## MEMORANDUM ENDORSED

March 31, 2020

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #:_____
> DATE FILED:  3/31/2020

**BY ECF**
Hon. Gregory H. Woods
United States District Judge
Southern District of New York
500 Pearl St.
New York, NY 10007

Re:   USA v. Duane Daniels
      20 Cr. 69 (GHW)

Dear Judge Woods:

I represent Duane Daniels pursuant to the Criminal Justice Act in the above-captioned matter. I ask Your Honor to consider this letter as a motion for temporary release pursuant to 18 U.S.C. § 3142(i). Mr. Daniels ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ fears he will not survive the COVID-19 pandemic inside of the Metropolitan Correctional Facility, New York ("MCC"). He respectfully moves the Court for an order granting his release until the pandemic has ended, or in the alternative, a bail hearing to be held this week. The Government opposes this application. PTO Natasha Ramesar cannot make a recommendation without a bail report, which was not generated for Mr. Daniels's case. Pursuant to the CARES Act, Mr. Daniels consents to the use of video or telephone conferencing for the bail hearing. Moreover, Mr. Daniels will waive his appearance altogether if securing his presence via video or telephone conference would delay a bail hearing.

The Bail Reform Act "permit[s] the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." 18 U.S.C. § 3142(i). There is no more "compelling reason" than a person's physical health. New York City confronts a public health crisis without modern precedent as the current epicenter of COVID-19.

▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Mr. Daniels ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ faces a grave threat to his life from the highly contagious and lethal virus. ▮▮▮▮▮▮▮▮▮▮▮

███████████ He estimates that he has lost between ten and fifteen pounds since arriving to the MCC on January 27, 2020.  Furthermore, he has experienced ███████████ without any medical assistance despite repeated requests.  As a result, Mr. Daniels encounters great peril inside the MCC during the COVID-19 pandemic.

Moreover, the conditions at the MCC, designed to maximize control of an incarcerated population, not minimize disease transmission or efficiently deliver health care, promote the spread of COVID-19.  Mr. Daniels shares a cell with another inmate and a communal shower on a densely-populated tier where inmates have shown symptoms of COVID-19.  He reports that he has no access to soap, hand sanitizer, disinfectant, face masks, or gloves.  His unit has been placed on and removed from quarantine without explanation, giving him the impression that the MCC is incapable of mitigating COVID-19 infections.  Mr. Daniels's unhygienic living conditions leave him exposed to COVID-19 while he remains in the MCC.

As infections spread within the MCC, an increasing number of inmates will require emergency medical treatment to survive COVID-19.  The logistical challenge of transporting prisoners to overburdened hospitals will inevitably delay their treatment and significantly lower the odds of their survival.  Mr. Daniels asks the Court to release him before a public health disaster unfolds from within the MCC.  Southern District judges have recognized the threat from COVID-19 and released vulnerable defendants.  *See e.g. United States v. Hugho Witter*, 19 Cr. 568-02 (SHS) (releasing defendant in ten-year mandatory minimum drug case post-plea over government objection, finding that "COVID-19 presents an unprecedented public health crisis…[that] infiltrated the Metropolitan Correctional Center").

Upon his release, Mr. Daniels can obtain housing through ███████████ Mr. Daniels will have the opportunity to isolate himself, practice social distancing, and obtain disinfectants, personal protective equipment, and other items to protect himself from the ongoing pandemic.  Furthermore, he will have access to emergency medical treatment should he require it.

For the foregoing reasons, Mr. Daniels proposes his release to a ███████ residence, with supervision by pretrial services and his travel restricted to the Southern and Eastern Districts of New York, until the cessation of the COVID-19 pandemic.

We thank the Court for its attention to this submission.

Respectfully submitted,

Steven Lynch

cc:    AUSA Thomas John Wright (by ECF)

Application granted in part.  The Court will hold a telephonic bail review hearing.  The United States and counsel for defendant are directed to coordinate with pre-trial services and to propose a date and time for the telephonic hearing.  The Coronavirus Aid, Relief and Economic Security ("CARES") Act requires that teleconferencing may only take place with the consent of the defendant.  CARES Act Section 15002(b)(4).  As a result, arrangements should be made in advance of the hearing to permit counsel to advise his client regarding the hearing generally, and, in particular to ensure that the defendant is willing to provide informed consent for a telephonic hearing.  The parties are directed to coordinate and to propose a time for the hearing on either April 2 or April 3, 2020 by joint letter to the Court submitted on April 1, 2020.  The Clerk of Court is directed to terminate the motion pending at Dkt. No. 19.

SO ORDERED

March 31, 2020

GREGORY H. WOODS
United States District Judge